IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LARRY W. BEST #289-587
    Petitioner                            :

    v.                                        :    CIVIL ACTION NO. RDB-12-1617

WARDEN                                :
    Respondent

**MEMORANDUM OPINION**

Respondent moves to dismiss Larry W. Best's application for a writ of habeas corpus as time-barred pursuant to 28 U.S.C. § 2244(d).  ECF No. 6.  Best has responded, contending that he attempted to file the instant application well within a year of completion of state post-conviction review.  ECF Nos. 10 and 11.  After reviewing these papers, the court finds no need for an evidentiary hearing.  *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*; *see also* 28 U.S.C. §2254(e)(2).  For reasons set forth herein, the court shall dismiss the Petition with prejudice as time-barred.

**Procedural History**

On September 14, 1999, Best pleaded guilty in the Circuit Court for Howard County to one count each of armed carjacking, armed robbery, and use of a handgun in the commission of a crime of violence or felony.  ECF No. 6, Exhibit 1 at 7.  On December 2, 1999, he received an aggregate sentence of 50 years' incarceration.  *Id.*, Exhibit 1 at 8.  Best did not seek leave to appeal the convictions and sentences.  *Id*.  His judgment of conviction thus became final as of Tuesday, January 4, 2000, when the time for seeking leave to appeal expired.[1]

---

[1] *See* Md. Code Ann., Cts & Jud. Proc. Art., § 12-302(e) (2000) (appeal of guilty plea is by way of application for leave to appeal); Md. Rule 8-204(b) (application for leave to appeal to be filed within 30 days after entry of judgment or order from which appeal is sought).

On February 29, 2000, Best filed a motion for reconsideration of sentence, which was held *sub curia* by the Circuit Court pending Best's request for a hearing. *Id.,* Exhibit 1 at 8; Exhibit 2 at 2. On September 27, 2007, Best filed a motion for appropriate relief, to grant post-conviction relief, to correct an illegal sentence, or to reconsider sentence. *Id.,* Exhibit 1 at 9; Exhibit 2 at 2. On August 10, 2007, the Circuit Court held at hearing on the motion for reconsideration of sentence and granted Best's request for hold the motion *sub curia* pending a request for a hearing. *Id.*, Exhibit 1 at 10; Exhibit 2 at 2. On October 3, 2007, Best request a hearing on the pending motions. *Id* On December 28, 2007, the Circuit Court held a hearing and denied the pending requests for relief. *Id.* Leave to appeal the motions expired on Monday, January 28, 2008.[2]

Best initiated post-conviction proceedings in the Circuit Court for Howard County on November 5, 2009. Id., Exhibit 1 at 10. The petition as amended was heard on June 17, 2010. *Id.,* Exhibit 1 at 13. On October 1, 2010, the Circuit Court granted Best the right to seek review of sentence before a three-judge panel, but otherwise denied post-conviction relief.[3] *Id.*, Exhibit 1 at 13; Exhibit 2. Best's application for leave to appeal was denied by the Court of Special Appeals of Maryland on May 7, 2012. The mandate issued on June 7, 2012. ECF No. 1 at 2-4; ECF No. 3 at 4.

Best suggests that once post-conviction review was completed, he promptly filed the instant federal action. ECF No. 10. That diligence, however, does not defeat Respondents' argument concerning the one-year limitations period.

---

[2] *See* Md. Rules 8-202 and 8-204.

[3] On October 28, 2010, Best filed a motion for review of sentence by a three-judge panel. The panel denied relief on February 28, 2011. ECF No. 6, Exhibit 1 at 14-15.

2

A one-year statute of limitations applies to habeas petitions. *See* 28 U.S.C. § 2244(d).[4] The one-year period begins to run on the date on which the judgment became final by the conclusion of direct review or (if no appeal is taken) upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1) (A). Best did not seek leave to appeal his guilty plea and, as previously noted, his convictions became final on January 4, 2000. Even if the undersigned deemed Best's one-year limitations period properly tolled pending until the January 28, 2008, conclusion of proceedings relating to Best's motion for reconsideration of sentence,[5] Best then waited more than a year, until November 5, 2009, to file a state post-conviction petition. He offers no explanation concerning the delay in initiating state post-conviction proceedings.

---

[4] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[5] The issue of whether a motion for reconsideration of sentence filed pursuant to Md. Rule 4-345 tolls the one-year limitations period currently is pending before this Court in *Tasker v. State of Maryland*, Civil Action No. AW-11-1969 (D. Md.).

In order to be entitled to equitable tolling, Best must establish that either some wrongful conduct by Respondents contributed to the delay in filing the post-conviction petition, or that circumstances that were beyond his control caused the delay. *See Rouse v. Lee*, 339 F. 3d 238, 246 (4th Cir. 2003); *Harris v. Hutchinson,* 209 F. 3d at 330.  "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.*  Nothing in the record suggests that some extraordinary circumstance prevented Best from promptly seeking state post-conviction relief within the one-year period once his reconsideration requests were resolved.  To the extent delay might be attributed to his lack of understanding of the law, unfamiliarity with the law may not be used to justify equitable tolling.  *See United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004).

Best has failed to satisfy his burden to demonstrate that equitable tolling is warranted, and his claims for habeas corpus relief are time-barred.  For the reasons stated herein, the Court will deny and dismiss the Petition.  A certificate of appealability will not issue because Best has not made a "substantial showing of the denial of a constitutional right."[6] A separate order follows.

October 1, 2012                                         _____/s/_____  
Date                                                      RICHARD D. BENNETT  
                                                                  UNITED STATES DISTRICT JUDGE

---

[6] When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir.) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)).